IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH R. LANE,
    Plaintiff

    v.

TOM WOLF, et al.,
    Defendants

No. 1:17-cv-00495

(Judge Kane)

## MEMORANDUM

Kenneth R. Lane ("Lane"), an inmate at the Retreat State Correctional Institution in Hunlock Creek, Pennsylvania ("SCI-Retreat"), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983 on March 21, 2017. (Doc. No. 1.) The Defendants named in the complaint include eleven (11) individuals: Governor Tom Wolf,[1] eight (8) employees of the Department of Corrections ("DOC Defendants"), and two (2) medical providers who provided Plaintiff with care at SCI-Retreat ("Medical Defendants"). (Id.) Before the Court are the DOC and Medical Defendants' motions to dismiss Lane's complaint. (Doc. Nos. 19, 22.) Lane has filed a combined brief in opposition to both motions. (Doc. No. 27.) Lane has also filed a request for discovery conference (Doc. No. 31), to which Medical Defendants responded by filing a motion to stay discovery pending the resolution of the motions to dismiss (Doc. No. 32). The motions are both ripe for disposition. For the reasons that follow, the Court will grant the DOC and Medical Defendants' motions to dismiss, deny Lane's request for a discovery conference as unripe, and deny Medical Defendants' motion to stay discovery as moot.

---

[1] Governor Tom Wolf was dismissed as a Defendant by this Court in its Order dated April 19, 2017. (Doc. No. 8.)

1

I.  BACKGROUND

Lane's complaint sets forth various claims against two groups of defendants from at least two prisons,[2] and describes little, if any, connection between the disparate acts. (Doc. No. 1.) Lane vaguely alleges that Defendants deprived him of his prosthetic farmer's hook[3] and back brace, which caused him pain and suffering. (Id. at 5.) He also claims that the doctors and medical staff failed to provide him with proper medical care and housing in a non-smoking facility. (Id.) Next, Lane alleges that Dr. Stan Stanish ("Stanish"), confiscated his size 9 boots on July 18, 2016, which were too large for him, and replaced them with Lane's correct 8 and ½ size boots. (Id.) He further claims that physician assistant Don O'Brian ("O'Brian"), confiscated his back brace upon his arrival at SCI-Retreat on April 13, 2016. (Id.)

Lane next alleges that "[i]nmates are forced to take education courses and [v]ocational [c]ourses that are out of date," and not for the purpose of rehabilitating inmates, but rather, so that the prison can receive money. (Id.) Lane also asserts that he was forced to send his typewriter home when he was housed in the Restricted Housing Unit ("RHU"). (Id. at 6.) He further claims that Defendants Christopher Stout ("Stout") and Ms. Tavarez ("Tavarez") removed his "Z-code" from the computer and forced him to cell with inmates who smoked. (Id.)

It appears that Lane also complains of incidents that took place while he was incarcerated at SCI-Graterford. (Id.) Lane alleges that while at SCI-Graterford, he was refused a second opinion with regard to his bladder cancer diagnosis and was given only the option of removal of

---

[2] The prisons include SCI-Retreat, where Lane is currently incarcerated and SCI-Graterford, located in the United States Eastern District of Pennsylvania. (Doc. No. 1 at 1-2.)

[3] The "work hook," sometimes referred to as a "farmer's hook," is identified by the large opening between the two fingers that is designed for persons engaged in manual tasks. It is a heavy-duty, stainless steel device with specialized fingers that facilitate holding, grasping, and carrying such items as buckets, chisels, knives, nails, and carpentry tools. See http://www.oandplibrary.org/alp/chap06-01.asp (last visited February 16, 2018).

his bladder rather than other forms of treatment. (Id.) Lane also appears to allege that he was retaliated against for filing grievances by being placed in the RHU. (Id. at 6-7.) He further claims that he was "abused by certain [n]urses [that did not give him his] heart and anti-seizure medicine" and headache pills, which caused a brain bleed while at SCI-Graterford. (Id. at 7.)

Finally, Lane alleges that on October 13, 2016, a back brace was delivered to him, but it did not support his back like the one he previously used. (Id.) Lane seeks twenty-three million dollars and an order prohibiting Defendants from working in a government job. (Id.)

## II. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief. Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible. See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the

3

defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

4

### B. Civil Rights Statute, 42 U.S.C. § 1983

To state a viable claim under § 1983, a plaintiff must plead: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990); Richardson v. Min Sec Cos., Civ. No. 08-1312, 2008 WL 5412866, at *1 (M.D. Pa. Dec. 29, 2008).

Moreover, in order for a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Solan v. Ranck, 326 F. App'x 97, 100 (3d Cir. 2009). Therefore, supervisors cannot be liable under § 1983 under the traditional standard of respondeat superior. Santiago, 629 F.3d at 128. Instead, there are two theories of supervisory liability that are applicable to § 1983 claims: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004).

## III. DISCUSSION

Currently before the Court are the DOC and Medical Defendants' motions to dismiss Lane's complaint. (Doc. Nos. 19, 22.) DOC Defendants contend that Lane's complaint violates

5

Federal Rule of Civil Procedure 20 because the claims involve diverse defendants and distinct issues, and that joinder is not appropriate. (Doc. No. 20 at 6.) Additionally, DOC Defendants argue that Defendants Wetzel, Reuscher, Pawling, and Mooney should be dismissed from this action, as Lane cannot maintain claims against these individuals by way of respondeat superior. (Id. at 8-9.) Medical Defendants contend, inter alia, that Lane has failed to exhaust his administrative remedies prior to bringing suit, and therefore, his complaint should be dismissed. (Doc. No. 23 at 5-8.) The Court addresses these arguments in turn, beginning with Medical Defendants' exhaustion argument.

### A. Exhaustion of Administrative Remedies

Medical Defendants contend that Lane's complaint requires dismissal because Lane failed to exhaust his administrative remedies. (Doc. No. 23 at 5.) Medical Defendants submit as exhibits copies of Lane's grievances that have been appealed to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). (Id., Ex. A.) They contend that they have "subpoenaed the entire file held by the office responsible for the final stage of appeal[s]," i.e, SOIGA. (Id. at 5.) In the records produced by SOIGA, only one of Lane's grievances has been submitted to SOIGA for final review: Grievance No. 566747. (Id.) This grievance was initiated on May 17, 2015, "nearly one year prior to [Lane's] arrival at SCI-Retreat – and, therein, [Lane] alleged that he was denied access to a shower." (Id.)

The Court may consider Medical Defendants' exhibits in determining the motion to dismiss without first converting it to a motion for summary judgment. See Pryor v. NCAA, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted) ("[D]ocuments whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered."); Spruill v. Gillis, 372 F.3d 218, 228 (3d Cir. 2004) (holding that

6

because "the exhaustion issue turns on the indisputably authentic documents related to [plaintiff's] grievances . . . we may also consider these without converting it to a motion for summary judgment").

It is well settled that a plaintiff must "exhaust all of his administrative remedies available through the DOC grievance process with respect to each one of his constitutional claims before he can assert such claims in a § 1983 civil rights action." Robles v. Casey, Civ. No. 10-2663, 2012 WL 383823, at *9 (M.D. Pa. Jan. 4, 2012). Moreover, failure to exhaust administrative remedies must be pleaded and proven by Defendants. Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002). "Exhaustion of administrative remedies under the PLRA is a question of law to be determined by the judge." Drippe v. Tobelinski, 604 F.3d 778, 782 (3d Cir. 2010) (citation omitted).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) ("PLRA"), "requires full and procedurally proper exhaustion of all available administrative remedies as a prerequisite to prisoner suits challenging prison conditions under federal law." Womack v. Smith, 310 F. App'x 547, 550 (3d Cir. 2009) (citing 42 U.S.C. § 1997e(a), and Woodford v. Ngo, 548 U.S. 81 (2006)). Section 1997(a) of the PLRA provides that: "No action shall be brought with respect to prison conditions under [§] 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility, until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Moreover, the Supreme Court has reiterated that the exhaustion requirement applies to all actions regarding prison conditions, including § 1983 actions or actions brought pursuant to any other federal law. See Porter v. Nussle, 534 U.S. 516, 532 (2002) (providing that a prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any

7

limitations on the type of relief that may be gained through the grievance process). Further, "proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, 548 U.S. at 90. The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2002).

It is clear that as it relates to Medical Defendants, Lane has not exhausted his DOC administrative remedies with respect to the medical care provided to him while at SCI-Retreat. (Doc. Nos. 1, 23, Ex. A.) Lane does not appear to dispute this argument in his oppositional brief. (Doc. No. 27.) The only SOIGA record indicating a complete exhaustion of Lane's DOC administrative remedies pertains to a claim that he was denied access to a shower at SCI-Graterford, which is not the subject matter of the instant complaint. (Id.) Moreover, Lane cannot exhaust his current claims while his present action is pending with this Court. See Robles, 2012 WL 383823, at *12. Rather, Lane's claims against Medical Defendants must be dismissed, as the record shows that he failed to exhaust these claims. Id.; see also Oriakhi v. United States, 165 F. App'x 991, 993 (3d Cir. 2006) (providing that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court").

Accordingly, Medical Defendants' motion to dismiss will be granted and all claims asserted against them in the complaint will be dismissed with prejudice for Lane's failure to

exhaust his administrative remedies.[4]  See Oliver v. Beard, Civ. No. 10-1387, 2011 WL 4565787 (M.D. Pa. Sept. 23, 2011).

### B. Federal Rule of Civil Procedure 20

The Court next turns to DOC Defendants' argument that dismissal is warranted because Lane's complaint violates Federal Rule of Civil Procedure 20. (Doc. No. 20 at 4.) Federal Rule of Civil Procedure 20 provides that:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Rule 20(a) is designed to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." See Mosley v. C.M. Corp., 497 F.2d 1330, 1332 (8th Cir. 1974). The decision as to whether permissive joinder should be permitted is within the Court's sound discretion. Id. In deciding whether to join parties, the Court should employ a liberal standard. Deskovic v. City of Peekskill, 673 F. Supp. 2d 154, 160 (S.D. N.Y. 2009). In United Mine Workers of Am. v. Gibbs, the Supreme Court stated that

---

[4] Notwithstanding his pro se status, the Court finds futility in allowing Lane to amend these claims because he has failed to exhaust his claims against Medical Defendants. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted) (providing that the futility exception means "that the complaint, as amended, would fail to state a claim upon which relief could be granted"). The Court need not address the remaining arguments set forth by Medical Defendants in their motion to dismiss because the claims against Medical Defendants are resolved due to Lane's failure to exhaust his administrative remedies. See Lin v. Rohm and Haas Co., 865 F. Supp. 2d 649, 667 n.15 (E.D. Pa. 2012); Canonsburg Gen. Hosp. v. Sebelius, 989 F. Supp. 2d 8, 20 n.7 (D.D.C. 2013). However, to the extent that Lane can prove he has properly exhausted these claims, he may submit a motion for reconsideration within fourteen (14) days of the date of the Order issued concurrently with this Memorandum.

9

"[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). The Court should use a case-by-case analysis in determining if a plaintiff's claims arise out of the same transaction or occurrence and look to the "logical relationship" of the transactions involved. Mosely, 497 F.2d at 1333 (quotation omitted). In determining whether a "logical relationship" exists between claims, the Third Circuit stated that "a detailed analysis must be made to determine whether the claims involve: (1) many of the same factual issues; (2) the same factual and legal issues; or (3) offshoots of the same basic controversy between the parties." Xerox Corp. v. SCM Corp., 576 F.2d 1057, 1059 (3d Cir.1978). Courts in this Circuit have found that "the same series of transactions or occurrences prerequisite under Rule 20 essentially consumes the second requirement that there arise a question of law or fact common to all joined parties." Norwood Co. v. RLI Ins. Co., Civ. No. 01-6153, 2002 WL 523946 at *3 (E.D. Pa. Apr. 4, 2002).

As submitted, the Court finds that Lane's complaint is in violation of Rule 20. Lane asserts claims that are unrelated and do not appear to arise out of the same transaction or occurrence or series of transactions or occurrences. (Doc. No. 1 at 5-13) Moreover, the claims do not involve an issue of law or fact common to all Defendants. It is apparent that at least some of the issues involve completely separate incidents and different Defendants. (Id.) For example, Lane seeks to litigate issues related to: (1) an alleged deprivation of his prosthetic farmer's hook, back brace, and shoes; (2) instances of being placed in cells with prisoners who smoke; (3) having to take out-of-date vocational courses; and (4) instances of deliberate indifference to a

serious medical need related to a bladder cancer diagnosis while he was incarcerated at SCI-Graterford. (Id. at 5-7.)

Based on the foregoing, it is clear that the instant complaint has procedural deficiencies. However, in the interests of justice, in light of his pro se status, Lane will be granted an opportunity to file an amended complaint in this action attempting to state an actionable § 1983 claim against a properly named defendant or defendants in accordance with the above principles. See Haines, 404 U.S. at 520-21. He will be afforded twenty (20) days within which to do so. He is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

Moreover, Lane is cautioned that while he names Wetzel, Reuscher, Pawling, and Mooney as Defendants, in order to be liable under § 1983, a supervisor must have "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations" or "show that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" See A.M. ex rel. J.M.K., 372 F.3d at 586. Lane must, therefore, plausibly allege supervisory liability or personal involvement in the constitutional violations as to Wetzel, Reuscher, Pawling, and Mooney in order for his complaint to state a claim on which relief can be granted.

Further, Lane is strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. The PLRA, which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels Lane's compliance with Rule 20. Specifically, the PLRA indicates that in a non-habeas action, the full filing fee

11

must ultimately be paid, as allowing a prisoner to include a host of separate, independent claims would allow him to circumvent the Act's filing fee requirements. See Ball v. Hummel, Civ. No. 11-1422, 2011 WL 3880520 (M.D. Pa. Sept. 2, 2011).

### C. Medical Defendants' Motion to Stay Discovery

In response to Lane's request for a discovery conference (Doc. No. 31), Medical Defendants filed a motion to stay discovery (Doc. No. 32), contending that discovery is premature in light of Defendants' pending motions to dismiss Lane's complaint. The Court has broad discretion to stay discovery pending a dispositive motion. Flores v. Pa. Dep't of Corr., Civ. No. 12-1149, 2013 WL 2250124 (M.D. Pa. May 22, 2013). A stay is proper when the likelihood that a motion to dismiss may result in a narrowing or outright elimination of discovery outweighs any likely harm from the delay. 19th St. Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 349 (E.D. Pa. 2000); see also Mann v. Brenner, 375 F. App'x 232, 239-40 (3d Cir. 2010) (providing that staying discovery while evaluating a motion to dismiss would be appropriate when granting the motion to dismiss would render discovery futile).

However, the Court finds that because Defendants' motions to dismiss have now been resolved herein, Medical Defendants' motion to stay discovery pending the resolution of their motions to dismiss (Doc. No. 32), is denied as moot. Additionally, Lane's request for a discovery conference (Doc. No. 31) is denied as unripe.

### IV. CONCLUSION

For the reasons set forth above, The Court will grant DOC and Medical Defendants' motions to dismiss. (Doc. Nos. 19, 22.) Lane's request for a discovery conference (Doc. No. 31), is denied as unripe and Medical Defendants' motion to stay discovery pending the resolution of their motions to dismiss (Doc. No. 32), is denied as moot. Lane is granted twenty (20) days

leave to file an amended complaint in accordance with the foregoing. An appropriate Order follows.